UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| THOMAS HARPER, | Case No. 3:25-cv-00002-AR |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| DRIVEN 2 DRIVE LEASING, LLC, | |
| Defendant. | |

**ARMISTEAD, United States Magistrate Judge**

In Oregon, an employer is allowed to fire an employee at any time and for any reason, unless there is some contractual, statutory, or constitutional requirement that says otherwise. *Babick v. Oregon Arena Corp.*, 333 Or. 401, 407 n.2 (2002). That rule, known as the at-will employment rule, has an exception: "discharge of an at-will employee nonetheless may be deemed 'wrongful' (and, therefore, actionable) under certain circumstances." *Id*. at 407. In this case, Harper alleges that his former employer Driven 2 Drive fired him because he was injured on the job and brings against Driven 2 Drive a wrongful-discharge tort claim. (Compl. ¶ 10.) Driven 2 Drive, arguing that firing an employee for an on-the-job injury is not a basis for a wrongful-discharge claim, moves to dismiss on the ground that Harper fails to state a claim on

which relief can be granted. (Motion to Dismiss, ECF 9.) Because Driven 2 Drive is correct, the court recommends granting the motion to dismiss.

## BACKGROUND

The court construes as true the factual allegations of Harper's complaint. *See Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617 (9th Cir. 2022). Harper worked for Driven 2 Drive in 2022 and, on December 27, 2022, he injured his right knee on company premises. (Compl. ¶¶ 3, 4.) He continued to work that day and the next three days despite his injured knee. (*Id*. at ¶ 4.) Driven 2 Drive had available light duty work when Harper was medically cleared to return to work in mid-March 2023 but nevertheless fired him. (*Id*. ¶¶ 5,6.)

Harper filed a lawsuit in Multnomah County Circuit Court on December 10, 2024, and Driven 2 Drive removed the case to federal court on January 2, 2025, because there is diversity of citizenship (Harper is an Oregon resident and Driven 2 Drive is headquartered in Oklahoma and is a Texas LLC) and the alleged damages meets the threshold amount. (Notice of Removal, ECF 1.).

## LEGAL STANDARD

A court will grant a Rule 12(b)(6) motion to dismiss for failure to state a claim when a claim is unsupported by a cognizable legal theory or when the complaint is without sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Assessing the sufficiency of a complaint's factual allegations requires the court to (1) accept that plaintiff's well-pleaded material facts alleged in the complaint are true; (2) construe factual allegations in the light most favorable to plaintiff; and (3) draw all reasonable inferences from the factual allegations in favor of plaintiff.

Page 2 – FINDINGS AND RECOMMENDATION
*Harper v. Driven 2 Drive Leasing, LLC*, 3:25-cv-00002-AR

*Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). A plaintiff's legal conclusions that are couched as factual allegations, however, need not be credited as true by the court. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Because this motion turns on an understanding of Oregon's common law wrongful discharge tort, the court must "approximate state law as closely as possible" and is bound by the Oregon Supreme Court's pronouncements. *See Ticknor v. Choice Hotels Int'l, Inc.,* 265 F.3d 931, 939 (9th Cir. 2001) (quoting *Gee v. Tenneco, Inc.,* 615 F.2d 857, 861 (9th Cir. 1980)). If the Oregon Supreme Court has not issued a decision that can guide the court's interpretation of state law, the court must predict how the Oregon Supreme Court would decide the issue by using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. *See Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Illinois,* 421 F.3d 835, 853-54 (9th Cir. 2005). And if the Oregon Supreme Court has not yet decided an issue but "there is relevant precedent" from the Oregon Court of Appeals, this court follows the state intermediate appellate court's decision unless it is convinced that the Oregon Supreme Court is unlikely to agree with it. *See Chalk v. T-Mobile USA, Inc.*, 560 F.3d 1087, 1092 (9th Cir. 2009) ("Where the state supreme court has not yet decided an issue but 'there is relevant precedent from the state's intermediate appellate court, the federal court must follow the state intermediate appellate court decision unless the federal court finds convincing evidence that the state's

Page 3 – FINDINGS AND RECOMMENDATION
*Harper v. Driven 2 Drive Leasing, LLC*, 3:25-cv-00002-AR

supreme court likely would not follow it.'" (quoting *Ryman v. Sears, Roebuck and Co.,* 505 F.3d 993, 994 (9th Cir. 2007)).)

### DISCUSSION

Employment in Oregon, as a rule, is "at will": Unless constitutional requirements, an employment contract, or a statute provide otherwise, an employee may be fired without notice and for any reason. *Simpson v. Western Graphics,* 293 Or. 96, 99 (1982). Yet the Oregon Supreme Court has acknowledged an exception in the wrongful-discharge tort, which falls into two general categories: (1) when an employee has been "discharged for fulfilling a societal obligation," or in other words, a "public duty," *Walker v. State ex rel. Or. Travel Info. Council*, 367 Or. 761, 776 (2021); *Babick*, 333 Or. at 407; and (2) "when the discharge is for exercising a job-related right that reflects an important public policy," *Babick*, 333 Or. at 407.[1]

Harper neither argues that he was fired for fulfilling a public duty nor argues that he was exercising a job-related right reflecting an important public interest. Harper instead contends that Oregon's wrongful-discharge tort is not limited to those two categories because the Oregon Supreme Court made "clear" that the two general categories are "examples" and are not intended

---

[1] There is a third category: cases "where an adequate existing remedy protects the interests of society so that an additional remedy of wrongful discharge will not be accorded." *Walker*, 367 Or. at 774 (quoting *Delaney v. Taco Time Int'l*, 297 Or. 10, 15-16 (1984). "The third category is really a restriction of the other two and provides that no common law action exists if a statutory remedy already adequately protects the interests of society." *Kofoid v. Woodard Hotels, Inc.*, 78 Or. App. 283, 287, 716 P.2d 771, 774 (1986) (citing *Walsh v. Consolidated Freightways,* 278 Or. 347, 563 P.2d 1205 (1977)). The parties argue this third category, but the court need not reach it because it concludes that Harper's wrongful discharge claim fails to fit under the first two categories, or any other circumstance.

to foreclose other potential situations in which the tort applies. (Pl.'s Response, at 3-4, ECF 11.) Harper points to *Nees v. Hock*, 272 Or. 210 (1975)—the Oregon Supreme Court's decision that first recognized the wrongful discharge tort—for the proposition that the wrongful discharge tort applies when "the employer's reason for or motive for discharging harms or interferes with an important interest of the community." (Pl.'s Response at 4, quoting *Nees*, 272 Or. at 216 ("The question to us is . . . are there instances in which the employer's reason or motive for discharging harms or interferes with an important interest of the community and, therefore, justifies compensation to the employee?")). When seen in that expansive view of the tort, the court understands Harper to argue that an employer firing someone simply because the employee is hurt is a "socially undesirable motive that the employer must respond in damages for any injury done." *Nees*, 272 Or. at 218.

Since *Nees* was decided, the Oregon Supreme Court has never ventured beyond the two categories of public duty and exercise of a job-related right based on an important public policy. *See Walker*, 367 Or. at 774-77 (discussing the court's wrongful-discharge cases). An examination of the Oregon Supreme Court's case law, as well as the case law from the Oregon Court of Appeals, reveals nothing that suggests that the wrongful-discharge tort includes the circumstance of an employer firing an employee for an on-the-job injury. Whether discussing a public duty or job-related right, the Oregon appellate courts have consistently focused on sources of law as a basis for determining whether a circumstance qualifies for the two categories of a wrongful discharge tort. *See Babick*, 333 Or. at 409 (observing that "it is necessary to find a public duty, not create one, using constitutional and statutory provisions, or the case law of this or other jurisdictions" (quotation marks omitted)); *Walker*, 367 Or. at 774 (remarking that in neither of

the court's two most recent cases . . . in which it has closely examined wrongful discharge claims has the court abandoned the focus on evaluating—through review of sources of law—whether an important public policy at the core of the employee's claimed protected activity would be frustrated by permitting the employer to discharge the employee with impunity"). Harper's argument requires the court to predict that the Oregon Supreme Court, were it to decide this issue, would conclude that firing someone for an on-the-job injury was a circumstance supporting the wrongful discharge tort without a clear expression from the Oregon legislature or some other legal source supporting that conclusion.[2] The court is confident that the Oregon Supreme Court would not include Harper's circumstance as an exception to the at-will employment rule. The court thus recommends granting Driven 2 Drive's motion.

The next question for the court is whether Harper should be given leave to amend. He argues that he should be given leave to amend so that he can "further describe the facts and circumstances" of his termination. (Response at 7.) Yet the defect of his case has nothing to do with the inadequacy of his alleged facts and everything to do with his legal theory. *See Walker*,

---

[2] Harper points to Oregon's workers' compensation laws, ORS chapter 656, as evidence that there "are ample statutory expressions of concern for sick and injured workers in Oregon's statutes, which conform to the generally-accepted [*sic*] notion that it is wrong and unfair to fire someone simply because they are not well on a given day." (Response at 6.) But mere "expressions of concern" evinced from a statutory scheme are an insufficient basis for the wrongful discharge tort. For example, the *Babick* court, having reviewed the statutes offered by plaintiffs as supporting sources of law—ones governing training and licensing for private security personnel and permitting citizens' arrests—concluded that the statutes did not support a "substantial public policy" requiring "the kinds of acts that allegedly triggered plaintiffs' discharge." 333 Or. at 410. That is, they did not "in *some* sense speak directly to those acts." *Lamson v. Crater Lake Motors, Inc.*, 346 Or. 628, 638 (2009) (citing *Babick*, 333 Or. at 410). Although Oregon's workers' compensation statutes address workplace injuries, they have comprehensive requirements and procedures that have little in common with a general concern that employees should be insulated from discharge because of an on-the-job injury.

Page 6 – FINDINGS AND RECOMMENDATION
*Harper v. Driven 2 Drive Leasing, LLC*, 3:25-cv-00002-AR

367 Or. at 776 ("[W]e hold that whether the employee has identified an important public policy that lies at the core of the employee's claimed protected activity and that would be frustrated by permitting the employer to discharge the employee without consequence is a legal issue decided by a court."). Because it is a legal theory that is not cognizable and Harper has not presented an alternative, any amendment would be futile. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."); *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995))). The court recommends denying Harper leave to amend.

## CONCLUSION

For the above reasons, Driven 2 Drive's motion to dismiss (ECF 9) should be GRANTED with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 14 days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within 14 days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED: April 24, 2025.

_____
JEFF ARMISTEAD
United States Magistrate Judge

Page 7 – FINDINGS AND RECOMMENDATION
*Harper v. Driven 2 Drive Leasing, LLC*, 3:25-cv-00002-AR