IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **THOMAS HARPER**, | Case No. 3:25-cv-2-AR |
| Plaintiff, | **ORDER** |
| v. | |
| **DRIVEN 2 DRIVE LEASING, LLC**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jeff Armistead issued Findings and Recommendation in this case on April 24, 2025. Judge Armistead recommended that the Court grant Defendant's motion to dismiss and dismiss this case with prejudice. No party filed objections.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985). Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

The Court has reviewed the Findings and Recommendation *de novo*. The Court understands the Findings and Recommendation as finding that Plaintiff has not asserted a claim for wrongful discharge because Plaintiff has not alleged that he was "discharged for fulfilling a

PAGE 1 – ORDER

societal obligation" or "for exercising a job-related right that reflects an important public policy." The Court agrees with the Findings and Recommendation that Oregon's wrongful discharge tort is limited to these two categories. The Court further agrees that, although Oregon's workers' compensation laws evidence an important public interest in *compensating* workers who are injured on the job, these laws do not show an important public policy that injured workers may not be *discharged*.[1] Thus, the Court adopts the Findings and Recommendation's conclusion that Plaintiff fails to state a claim for wrongful discharge.

The Court does not find, however, that amendment necessarily would be futile. Plaintiff has not yet had an opportunity to amend his complaint. The Court therefore grants Plaintiff leave to amend.

The Court ADOPTS IN PART the Findings and Recommendation, ECF 13. The Court GRANTS Defendant's motion to dismiss, ECF 9. If Plaintiff believes that he can assert a valid legal theory, he may file an amended complaint within two weeks from the date of this Order. If Plaintiff fails timely to file an amended complaint, the Court will enter judgment dismissing this case with prejudice.

**IT IS SO ORDERED.**

DATED this 14th day of May, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[1] Plaintiff also cites Oregon laws prohibiting retaliation against an employee who took protected medical leave or discrimination against an employee on the basis of disability. These laws do not demonstrate a public policy protecting a worker who is injured but does not seek medical leave or is not disabled. Plaintiff does not allege that he sought protected medical leave or that he was disabled—indeed, if he did, he might have an adequate statutory remedy and the "interstitial" wrongful discharge tort would not apply. *See Walker v. State by & through. Or. Travel Info. Council*, 367 Or. 761, 778-79 (2021) (en banc).